**Marjan GORVOKOVIC, Petitioner,**

v.

**Mark FILIP,\* Respondent.**

No. 08–0463–ag.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for

Michael B. Mukasey as Respondent

Charles T. Busse, Balian & Busse, PLC, Rochester, MI, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Marjan Gorvokovic, a native and citizen of Montenegro, seeks review of a December 27, 2007 order of the BIA denying his motion to reopen his asylum-only proceedings.[1] *In re Gorvokovic,* No. 79 309 823 (B.I.A. Dec. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006).

---

1. Although Gorvokovic is challenging the denial of relief in "asylum-only" proceedings, as opposed to removal proceedings, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in asylum-only proceedings is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

Nonetheless, because agency fact-finders have a particular duty to consider relevant evidence of country conditions submitted with a motion to reopen, we review the BIA's fact-finding for "substantial evidence." *See Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). Here, the BIA did not abuse its discretion in denying Gorvokovic's motion to reopen as untimely where it was filed more than three years after the BIA's decision affirming the IJ's denial of relief. *See* 8 C.F.R. § 1003.2(c)(2).

■ Moreover, substantial evidence supports the BIA's conclusion that Gorvokovic failed to establish *prima facie* eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his motion, Gorvokovic submitted several documents indicating that police arrested fourteen Albanians, who claim that they were tortured and mistreated during detention. He submitted no evidence, however, that he was similarly situated to those individuals who were arrested on suspicion of terrorist activity. *See Shao,* 546 F.3d at 172 (finding that reports of abuse do not necessarily demonstrate a reasonable possibility that a particular applicant will face such harm). Although Gorvokovic asserted in his motion that persecution of ethnic Albanians has escalated and that he would be persecuted upon return by "guilt of association" because five of the individuals arrested are his cousins, he submitted no evidence supporting those assertions. The BIA did not err in finding that those unsupported statements in his motion do not constitute evidence. *See INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d

315, 342 (2d Cir.2006) (finding that the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Moreover, it was Gorvokovic's burden to present evidence to support his motion. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).

■ The only other evidence Gorvokovic submitted in support of his motion was an Amnesty International press release. But nothing in that release indicates that ethnic Albanians generally are subjected to harm in Montenegro or that Gorvokovic, in particular, would be persecuted or tortured. *See Shao,* 546 F.3d at 172. Therefore, the BIA did not abuse its discretion in denying Gorvokovic's motion to reopen. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).